**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HECTOR GUTIERREZ, | ) | NO. CV 24-10415 MCS (AS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DISMISSING COMPLAINT WITH** |
| | ) | |
| COUNTY OF LOS ANGELES, et al., | ) | **LEAVE TO AMEND** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On November 28, 2024, Hector Gutierrez ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983. (Docket ("Dkt.") No. 1). For the reasons set forth below, the FAC must be dismissed with leave to amend.[1]

**PLAINTIFF'S ALLEGATIONS**

Plaintiff's Complaint names as defendants the County of Los Angeles ("County"), the Los Angeles County Sheriff's Department and its

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval from the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Court Services Division (collectively "Sheriff's Department"),[2] Sheriff's Department employees Captain John J. Lecrivain, Sergeants Ayub B. Mangra and Ochoa, and Deputies Megarit, Sepulveda, and Burwell, and Does 1-10. (Complaint at 1-3).[3] The Sheriff's Department employees and Doe Defendants are sued in their individual capacities. (Complaint at 1).

Plaintiff alleges that on November 29, 2022, he went to Department S08 in the George Deukmejian Courthouse in Long Beach, California, and sat down. (Complaint at 6-8). After some time, Deputy Megarit – who Plaintiff describes as "very aggressive, overzealous, and out of control" – told Plaintiff to put his cell phone in his pocket. (Complaint at 8). Plaintiff protested and Deputy Megarit threatened to "trespass[]" Plaintiff. (Id.). Plaintiff then "took his device out of [Deputy Megarit's] sight."[4] (Id.).

---

[2] The Court will refer to the County and Sheriff's Department collectively as the "County Defendants."

[3] Fed. R. Civ. P. 10(b) requires that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Although Plaintiff has attempted to number his allegations, he has done so inconsistently. For example, item no. 37 spans six pages and multiple paragraphs. This does not comply with Rule 10(b). Accordingly, the Court will refer to the Complaint's allegations by page number. If Plaintiff files a First Amended Complaint, he should – as this Court has repeatedly explained to him – separately number each paragraph. See Gutierrez v. Cnty. of Los Angeles, 2024 WL 4799872, *1 n.2 (C.D. Cal. 2024); Gutierrez v. City of Riverside, 2024 WL 5265370, *1 n.4 (C.D. Cal. 2024), report and recommendation accepted by, 2025 WL 220947 (C.D. Cal. 2025).

[4] Plaintiff also complains that Superior Court Judge Jennifer Cops – who is not a Defendant in this matter – observed this interaction, but failed to intervene to control Deputy Megarit. (Complaint at 9-10).

After a discussion concerning another individual's cell phone use, Deputy Megarit "decided to threaten and trespass" Plaintiff from the courtroom. (Complaint at 10-11). Plaintiff protested, "stood his ground and remained in the courtroom[,]" and Deputy Megarit responded by summoning assistance to remove Plaintiff from the courtroom. (Complaint at 11-14 (capitalization omitted)).

Deputy Sepulveda responded and "essentially told Plaintiff to get out of the courtroom" or be removed by force. (Complaint at 13-14). Plaintiff then left the courtroom against his will. (Complaint at 14).

In the hallway, Plaintiff protested to Deputy Sepulveda and asked him why he removed Plaintiff from the courtroom. (Complaint at 14, 16). Deputy Sepulveda responded "'I have no idea[.]'" (Complaint at 16 (capitalization omitted)). Plaintiff continued to loudly protest to Deputy Sepulveda until Sergeant Ochoa arrived. (Complaint at 16-17). Plaintiff complained to Sergeant Ochoa about being removed from the courtroom, Sergeant Ochoa told Plaintiff he would investigate, and Sergeant Ochoa then went into the courtroom after speaking to Deputy Megarit. (Complaint at 17).

A little later, Plaintiff wanted to return to the courtroom to obtain answers from Sergeant Ochoa and Judge Cops, but he was obstructed from doing so. (Complaint at 17). Plaintiff continued to protest and Deputy Burwell, who had just arrived on the scene, told Plaintiff to lower his voice and watch his language. (Complaint at 17-18). Plaintiff responded to Deputy Burwell that he "and any citizen can go as far as telling a police officer to go 'fuck his mother' and

. . . that police officer better just stand there and take it.  That's the job."  (Complaint at 18 (capitalization omitted)).

Plaintiff was in "disbelief" when Deputy Burwell then "put his hands" on Plaintiff and threatened Plaintiff that if he told Deputy Burwell "'to go fuck his mother' Plaintiff would be very sorry[] and 'it would be the last thing he would do.'"  (Complaint at 18-19 (some capitalization omitted)).  Plaintiff asserts he was harmed by Deputy Burwell's "assault and battery" as well as the failure of Deputy Sepulveda and Does 9-10 – who were "spectators" – to intervene.  (Complaint at 19).

Thereafter, Sergeant Mangra arrived, asked Plaintiff what he wanted, and Plaintiff responded he wanted to file Watch Commander Service Comment Reports ("WCSCRs") against everyone involved.  (Complaint at 19-20).  However, Sergeant Mangra did not take Plaintiff's report and instead took steps to discourage Plaintiff from filing WCSCRs by creating a false narrative of active warrants against Plaintiff.  (Complaint at 21).  To date no WCSCRs have been written.  (Complaint at 22).

Based on these allegations, Plaintiff raises six claims for relief: (1) violation of, and conspiracy to violate, Plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights; (2) a Monell[5] claim; (3) assault and battery; (4) negligence; (5) gross negligence; and (6) intentional infliction of emotional distress.  (Complaint at 1, 22-32).

---

[5]  Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

1

2

## STANDARD OF REVIEW

3      Since Plaintiff is proceeding in forma pauperis, Plaintiff's

4 Complaint is subject to sua sponte review and must be dismissed if it

5 is: (1) frivolous or malicious; (2) fails to state a claim upon which

6 relief may be granted; or (3) seeks monetary relief from a defendant

7 immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Lopez v.

8 Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); Barren v.

9 Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); see also Calhoun v.

10 Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (Section

11 1915(e)(2) applies to all complaints brought by plaintiffs proceeding

12 in forma pauperis).

13

14      Dismissal for failure to state a claim is appropriate if Plaintiff

15 fails to proffer "enough facts to state a claim to relief that is

16 plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

17 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has

18 facial plausibility when the plaintiff pleads factual content that

19 allows the court to draw the reasonable inference that the defendant is

20 liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Hartmann

21 v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013).

22 Although Plaintiff must provide "more than labels and conclusions, and

23 a formulaic recitation of the elements of a cause of action will not

24 do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific

25 facts are not necessary; the [complaint] need only give the

26 [Defendants] fair notice of what the . . . claim is and the grounds

27 upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per

28

curiam) (citations and internal quotation marks omitted); <u>Twombly</u>, 550 U.S. at 555.

In considering whether to dismiss a complaint, the Court must accept the factual allegations of the complaint as true, <u>Wood v. Moss</u>, 572 U.S. 744, 755 n.5 (2014); <u>Erickson</u>, 551 U.S. at 93-94, construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Berg v. Popham</u>, 412 F.3d 1122, 1125 (9th Cir. 2005). <u>Pro se</u> pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. <u>Erickson</u>, 551 U.S. at 94; <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>see also</u> <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*."). Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. <u>Pell v. Nuñez</u>, 99 F.4th 1128, 1133 (9th Cir. 2024). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. <u>Rivera v. Peri & Sons Farms, Inc.</u>, 735 F.3d 892, 902 (9th Cir. 2013).

\\

\\

\\

\\

\\

**DISCUSSION**

The Court has reviewed the Complaint under the aforementioned standards and has concluded the Complaint is deficient and must be dismissed with leave to amend.

Initially, "a pro se litigant is not excused from knowing the most basic pleading requirements." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000). For instance, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); see also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). "The 'short and plain statement' must provide defendants with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); see also Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 841 (9th Cir. 2007) (per curiam) (The "purpose of a complaint under Rule 8 [is] to give the defendant fair notice of the factual basis of the claim and of the basis for the court's jurisdiction."); Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) ("[A] pleading must give fair notice and state the elements of the claim plainly and succinctly." (citation and internal punctuation omitted)). To do so, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief[,]" and "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

1  <u>Twombly</u>, 550 U.S. at 555-56 (citations omitted); <u>Cook v. Brewer</u>, 637

2  F.3d 1002, 1004 (9th Cir. 2011).   "[T]he pleading standard Rule 8

3  announces does not require 'detailed factual allegations,' but it

4  demands more than an unadorned, the-defendant-unlawfully-harmed-me

5  accusation." <u>Iqbal</u> 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

6

7      Plaintiff has not met this basic pleading requirement.

8  Plaintiff's Complaint purports to set forth six causes of action, but

9  does so in a mostly conclusory fashion.   For instance, while the

10 caption of Plaintiff's Complaint raises four state law claims (Claims

11 Three through Six), these claims are nowhere pled in the body of the

12 Complaint.   (<u>See</u> Complaint at 1, 22-32).   Additionally, Plaintiff's

13 first cause of action is brought pursuant to Section 1983 and alleges

14 each Defendant and Does 1-4 violated Plaintiff's First, Fourth, Fifth,

15 and Fourteenth Amendment rights and conspired to deprive Plaintiff of

16 those rights.   (Complaint at 22-24).   But Plaintiff does no more than

17 list the constitutional amendments allegedly violated without

18 explaining which Defendant he believes violated which constitutional

19 amendment.   (<u>Id.</u>).   Thus, the Court and Defendants are left to guess

20 which allegations are brought against which Defendants.   Such

21 conclusory pleading fails to satisfy Rule 8's requirements.[6] <u>See Iqbal</u>,

22 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a

23 formulaic recitation of the elements of a cause of action will not do.'

24 _____

25      [6] Additionally, Plaintiff's Complaint is unsigned, which violates
    Rule 11 and Local Rule 11-1.   <u>See</u> Fed. R. Civ. P. 11(a) ("Every
26  pleading, . . . must be signed . . . by a party personally if the party
    is  unrepresented."); Local Rule 11-1 ("All documents, except
27  declarations, shall be signed by the attorney for the party or the
    party appearing pro se.   The name of the person signing the document
28  shall be clearly typed below the signature line.").

Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting <u>Twombly</u>, 550 U.S. at 555, 557)); <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996) (Rule 8 is not satisfied when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough factual detail to guide discovery."); <u>McZeal, Jr. v. Blue Castle (Cayman) Ltd.</u>, 2024 WL 5361194, *3 (C.D. Cal. 2024) ("By failing to differentiate among Defendants or specify which Defendant is the subject of Plaintiff's various allegations, the Complaint violates Federal Rule of Civil Procedure 8(a)(2) because it fails to provide Defendants with fair notice of its alleged misconduct."), <u>report and recommendation accepted by</u>, 2025 WL 316243 (C.D. Cal. 2025).[7]

\\

\\

\\

\\

---

[7]   Rule 8(a)(3) requires a complaint state "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3); <u>see also</u> Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated."). Here, Plaintiff titles his complaint as a "Complaint for Damages" (Complaint at 1 (some capitalization omitted)), and briefly references damages in the body of the Complaint (<u>see</u> Complaint at 2, 23 ("This action at law for money damages. . . .")), but does not conclude with a prayer for relief. <u>Cf.</u> <u>Iten v. Cnty. of Los Angeles</u>, 81 F.4th 979, 985 (9th Cir. 2023) ("A well-pleaded complaint typically has a demand for relief, which follows from the plaintiff's 'short and plain statement' of how the defendant has injured him."). This arguably fails to comply with Fed. R. Civ. P. 8(a)(3). <u>See</u> <u>Moten v. Pulido</u>, 2022 WL 3566816, *6 (C.D. Cal. 2022) ("Plaintiff's Complaint . . . fails to comply with Rule 8(a)(3) in that the pleading fails to set forth a separate demand for the relief that plaintiff is seeking against any defendant."). However, given Plaintiff's failure to satisfy Rule 8's short and plain statement requirement, the Court need not further explore this issue.

1    Given this Rule 8 violation, Plaintiff's Complaint must be

2    dismissed with leave to amend.  The Court cannot further screen the

3    Complaint until Plaintiff complies with Rule 8's pleading requirements.[8]

4

5                              **ORDER**

6

7    Plaintiff's Complaint (Docket No. 1) is **DISMISSED WITH LEAVE TO**

8    **AMEND**.  If Plaintiff still wishes to pursue this action, he shall file

9    a First Amended Complaint within thirty (30) days, which cures the

10   pleading defects discussed herein.  The First Amended Complaint shall

11   be complete in itself without reference to any pleading or other

12   document.  See Local Rule 15-2 ("Every amended pleading filed as a

13   matter of right or allowed by order of the Court shall be complete

14   including exhibits.  The amended pleading shall not refer to the prior,

15   superseded pleading.").  In addition, the First Amended Complaint may

16   _____

17        [8]  This includes addressing Plaintiff's purported Monell claim
18   against the County Defendants based on an alleged failure to train.
     (See Complaint at 24-32).  Nor can the Court consider, at this
19   juncture, whether the individual Defendants were acting as state – not
     county – employees while providing security in the Superior Court.
20   See, e.g., Chavez v. Villanueva, 699 F. Supp. 3d 844, 861 (C.D. Cal.
     2023) ("Here, Defendant Guerrero (as part of the [Los Angeles County
21   Sheriff's Department]) was providing courtroom security to the Norwalk
     Courthouse. . . .  Defendant Guerrero at all relevant times was paid by
22   and functioning as an arm of the State of California.  Eleventh
     immunity thus applies to all the official capacity claims (including
23   the Monell claims) asserted against Defendants."), appeal dismissed by,
     2024 WL 4851419 (9th Cir. 2024); Jackson v. McMahon, 2019 WL 8647818,
24   *3 n.6 (C.D. Cal. 2019) ("Although the Eleventh Amendment generally
     does not bar suits against local government entities, county sheriff's
25   departments may be entitled to Eleventh Amendment immunity when they
     act on behalf of the state.  Several district courts in this circuit
26   have determined that when county sheriffs in California are providing
     security for state court, they act as state officials, and are thus
27   entitled to Eleventh Amendment immunity when sued in their official
28   capacity." (citation omitted)).

not include new defendants or claims not reasonably related to the allegations in the previously filed Complaint. **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**

Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with a court order. Plaintiff is further advised that if he no longer wishes to pursue this action, he may file a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **<u>A form Notice of Dismissal is attached for Plaintiff's convenience</u>**.

DATED: March 17, 2025

                                       /s/
                                        ALKA SAGAR
                          UNITED STATES MAGISTRATE JUDGE

11